## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**HARRY LEE RIDDICK,**

Plaintiff,

v.                                         Case No. 13-cv-1512 (CRC)

**J.C. HOLLAND, <u>et al.</u>,**

Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Harry Lee Riddick, proceeding *pro se*, brings this action seeking records from

the Executive Office for U.S. Attorneys ("EOUSA"), a component of the U.S. Department of

Justice ("DOJ").  Because Riddick demands the release of records allegedly maintained by an

executive branch agency of the federal government, the Court construes his Complaint as one

under the Freedom of Information Act ("FOIA").  <u>See</u> 5 U.S.C. § 552.  This matter comes before

the Court on the parties' cross motions for summary judgment and on Riddick's motion to strike

a declaration submitted by DOJ.[1]  Because the government has amply demonstrated that it

properly processed and responded to Riddick's FOIA requests, the Court will deny Riddick's

motion for summary judgment and grant the government's motion.  And because there is no

support in the record for Riddick's motion to strike, it will be denied.

### I.      Background

In February 1996, a jury in Pennsylvania found Riddick guilty of various federal drug

crimes.  <u>Riddick v. Holland</u>, No. 13-cv-240, 2014 WL 1253631, at *1 (E.D. Ky. Mar. 26, 2014).

Following an appeal affirming his conviction and remanding for resentencing, Riddick received

---

[1]   Pursuant to the Court's Order of April 30, 2014, individual Defendants J.C. Holland, Zane D.
Memenger, and Andrea G. Foulkes have been dismissed, leaving DOJ as the sole Defendant.

a life sentence.  Id.  Over the past three years, Riddick has submitted several FOIA requests to

EOUSA for documents related to his criminal case, which he maintains will allow him to

challenge his conviction and sentence.[2]  The Court outlines these requests below.

> A.    FOIA Request No. 12-3487

By letter dated August 8, 2012, Riddick requested from EOUSA "arrest records,"

investigatory and evidentiary reports, "warrants and/or detainers," and "any/or all information,

data, or reports not otherwise exempt by statute" pertaining to his criminal case.  Decl. David

Luczynski ("Luczynski Decl.") ¶ 4.  EOUSA responded by letter dated September 13, 2012,

acknowledging Riddick's request and assigning it FOIA request No. 12-3487.  Less than two

weeks later, EOUSA notified Riddick "that 28 boxes of records ha[d] been located, that his

FOIA request w[ould] have a search fee of $784.00, and that an advanced payment must be

received by EOUSA before any further processing of his request [could] continue[]" under 28

C.F.R. § 16.11(i).  Id. ¶ 6.  EOUSA offered Riddick the "option to modify and reformulate his

request to lower the processing fee."  Id.

Riddick then narrowed his request to a "plea agreement offer in Case Number: 94-159"

and any "additional pages to make up the 100 pages" provided free of charge.  Id.  In November

2012, EOUSA notified Riddick that the two hours of free search time requesters are permitted

had been exhausted and that even his narrowed request could not be processed until he paid the

outstanding fee of $784.00.  The following January, EOUSA notified Riddick that because more

---

[2] Along with his Complaint, Riddick submitted a habeas petition pursuant to 28 U.S.C. § 2241.
By Order of this Court dated October 1, 2013, Riddick's habeas petition was denied.  Riddick
moved for reconsideration, and by Order dated October 24, 2013, the Court denied his motion,
explaining that because Riddick is incarcerated at United States Penitentiary McCreary in Pine
Knot, Kentucky, the Court may not entertain his habeas petition as he is not in custody in the
territorial jurisdiction of the federal district for the District of Columbia.  See Stokes v. U.S.
Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

than 30 days had passed since he was notified of the outstanding fee, and no payment had been received, his request had been closed.

   B.   FOIA Request No. 12-3536

While that request was processing, Riddick filed another request with EOUSA in August 2012, seeking the "Plea Agreement of Case No. 94-00159-002." Id. ¶ 9. EOUSA assigned this request FOIA No. 12-3536 and informed Riddick that it had closed this request because he had not specified the U.S. Attorney's Office to be searched.

   C.   FOIA Request No. 13-2508

In October 2013, Riddick submitted a third FOIA request to EOUSA, seeking "public records dealing with Case No. 94-cr-00159-1 . . . in which a rule 33 motion was filed by counsel . . . [and] a response [was] filed by the government on March 25, 1996 Re: post-trial motion Doc. No. 470." Id. ¶ 11 (ellipses in original). In January 2014, EOUSA assigned this request FOIA No. 13-2508 and, in March 2014, the agency "released in full . . . 307 pages of records, and released in part . . . 8 pages of records[,] redacting information subject to the attorney work product, deliberative process, and attorney-client privileges." Id. ¶ 13. The agency explained that, although a duplication fee of $0.10 per page would normally apply to pages after the first 100, the agency was waiving the fee. EOUSA then notified Riddick that two additional hours of search time would be required to finish processing his request, at $28 per hour, for a total of $56. The agency also informed him that if he did not respond within 30 days, his request would be closed, and that he would then have the opportunity to appeal the decision within 60 days. To date, EOUSA has not received any payments from Riddick for the processing of his requests or any appeal.

D.    Motions Before the Court

In his motion for summary judgment and in his opposition to the government's motion for summary judgment, Riddick asserts that EOUSA did not release two of the documents he sought. One of these, he maintains, is titled "Memorandum of Law in Support of Defendant Riddick's Supplemental Post Trial Motions," is 25 pages long, and is dated February 1, 1997. He acknowledges that he received a version of this document in which eight pages were redacted in part. The other document he seeks is the government's response to his post-verdict motion, dated March 1, 1996. He notes that he received a letter from EOUSA in June 2014 informing him that additional search time at a rate of $28 per hour would be required to locate that document, but he seeks an order from this Court declaring that EOUSA has improperly withheld this and other unspecified documents. Riddick also moves to strike the Luczynski Declaration as made in bad faith and without personal knowledge.

The government contends in its motion that it is entitled to summary judgment because EOUSA conducted an adequate and reasonable search, because it properly withheld some of the information Riddick requested, and because it properly closed Riddick's FOIA request due to lack of payment. In particular, the government maintains that the portions of the February 1, 1997 document that it redacted contained "handwritten comments and notations made by attorneys reviewing and preparing the case . . . on the margins of the typed document," and, as such, are protected by attorney work product and deliberative process privileges under FOIA exemption (b)(5). Defs.' Mot. Summ. J. 11; see also 5 U.S.C. § 552(b)(5). And the government explains that the records that were located but withheld in their entirety "contain deliberations and/or decisions concerning asset forfeiture and strategies involved in the case," and "were

prepared by, or at the request or direction of an attorney, and made in anticipation of, or during litigation," and are therefore also protected from disclosure by exemption (b)(5). Id.

## II.     Standard of Review

"Summary judgment is appropriate when the pleadings, affidavits, exhibits, and other evidence before the Court demonstrate that there is no genuine issue of material fact in dispute, and that the movant is entitled to judgment as a matter of law." Sack v. CIA, 49 F. Supp. 3d 15, 19 (D.D.C. 2014) (citing Fed. R. Civ. P. 56(a)). It is the movant's burden to demonstrate that no such issue of material fact is in dispute. See id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

FOIA cases are typically decided on motions for summary judgment. Id. (citing Shapiro v. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013). The Court may award summary judgment to an agency "solely on the information provided in affidavits or declarations when they describe 'the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record []or by evidence of agency bad faith.'" Espinoza v. Dep't of Justice, 20 F. Supp. 3d 232, 239 (D.D.C. 2014) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).

Motions to strike are "drastic remed[ies] that courts disfavor," and the "decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." United States ex rel. Landis v. Tailwind Sports Corp., 308 F.R.D. 1 (D.D.C. 2015) (quoting Gates v. District of Columbia, 825 F. Supp. 2d 168, 169 (D.D.C. 2011)).

### III.    Analysis

#### A.    The Parties' Motions for Summary Judgment

Regarding the documents Riddick requested but did not receive, the government offers

two explanations—that any documents located but withheld were protected by FOIA exemption

(b)(5), which protects "inter-agency or intra-agency memorandums or letters which would not be

available by law to a party other than an agency in litigation with the agency," 5 U.S.C.

§ 552(b)(5), and that any other documents responsive to the request but not produced had not yet

been located due to Riddick's failure to pay the required processing fee.  The government

supports its first explanation with a declaration from an EOUSA Attorney Advisor, David

Luczynski, detailing its search methods and review process of the located documents.  Mr.

Luczynski explains that EOUSA searched for responsive records in the "Legal Information

Office Network System" ("LIONS"), which is the "computer system used by United States

Attorney's Offices to track cases and to retrieve files pertaining to cases and investigations."

Luczynski Decl. ¶ 17.  The LIONS system contains "databases which can be used to retrieve the

information based on a defendant's name," the U.S. Attorney Office's administrative number,

and the district court case number.  Id.  EOUSA located responsive documents through the U.S.

Attorney's Office for the Eastern District of Pennsylvania.  The agency then reviewed the

documents yielded from the complimentary two hours of search time and concluded that some

entire documents and some portions of other documents were protected by attorney work product

and deliberative process privilege, and therefore exempt from disclosure under exemption (b)(5).

Because this declaration outlines a methodical and systematic search procedure, and

provides a logical explanation for the withholding of some documents in their entirety and other

documents in part, and because there is no information in the record to rebut or contradict the

agency's account of its search procedure, the Court will credit the agency's explanation and conclude that it properly withheld whole documents and portions of other documents under exemption (b)(5).

The government's second explanation—that any other documents Riddick requested but did not receive had simply not yet been located because of his failure to pay the required fees—is self-supporting.  "A FOIA requester must pay reasonable costs for the search, review, and duplication of the records sought."  Espinoza, 20 F. Supp. 3d at 242 (quoting Schoenman v. FBI, 604 F. Supp. 2d 174, 188 (D.D.C. 2009)).  And though "an agency must waive or reduce such fees 'if disclosure . . . is in the public interest,'" it is the FOIA requester's burden to prove that disclosure would serve the public interest.  Id. (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).  Riddick has not responded to, or addressed in his motion papers, any of the government's notifications that the payment of fees was required before the agency could continue to process his requests.

Because EOUSA informed Riddick that this request would be closed if he failed to pay the required fees, as well as that he could appeal that decision, the Court concludes that EOUSA acted properly in closing his request.  See id. at 244 (concluding the same, on the same basis).  And because, "under DOJ regulations, the request is 'not . . . considered received' until the requester agrees to pay assessed fees, EOUSA is under no statutory obligation to produce responsive records; therefore no improper withholding has yet occurred."  Id.  Accordingly, there is no genuine issue of material fact in dispute, and the government has met its burden of demonstrating that it properly processed Riddick's FOIA request.

B.      Riddick's Motion to Strike the Luczynski Declaration

In his opposition to the government's motion for summary judgment, Riddick moves to strike the Luczynski Declaration on the ground that it was made in bad faith and is not based on

personal knowledge.  For support, he argues that one of the government's lawyers who worked on his prosecution, Zane Memenger, has personal knowledge of the particular documents requested.  But because Riddick offers no support for the contention that *Luczynski* lacks the personal knowledge underlying his declaration or acted in bad faith, and because nothing elsewhere in the record supports that contention, the Court will deny Riddick's motion to strike.

**IV.    Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that [28] Plaintiff's Motion for Summary Judgment is DENIED and that [30] Defendant's Motion for Summary Judgment is GRANTED.  It is further

**ORDERED** that Plaintiff's Motion to Strike, included within his Memorandum in Opposition to the Defendant's Motion for Summary Judgment, is DENIED.

**SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   September 29, 2015

8